# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SCOTT CARL BOHRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N16C-09-179 MMJ |
| | ) | |
| SALLY BOHRES, | ) | |
| | ) | |
| Defendant. | ) | |

**On Defendant's Motion to Dismiss
Pursuant to Civil Rule 12(b)(6)**

## ORDER

Plaintiff has filed a Complaint for Writ of Replevin. This case was transferred from the Court of Common Pleas. The Complaint alleges that Plaintiff is entitled to tangible personal property devised to him by Plaintiff's deceased father. Defendant is the wife of the decedent.

Defendant filed a Motion to Dismiss. Defendant asserts that at least some of the items Plaintiff seeks are marital property. Other items cannot be located. Further, Plaintiff allegedly failed to follow procedures necessary to challenge the administration of decedent's estate.

The Court held a hearing on the Motion to Dismiss on June 21, 2017. At the conclusion of the hearing, the Court stayed resolution of the Motion. The parties

were directed to contact the Executor of the Estate to clarify certain issues and to determine whether a resolution could be reached short of trial. Plaintiff was directed to notify the Court within 90 days of the date of the hearing as to the Executor's position.

The Executor supplied the parties and the Court with additional information. The Executor stated: "It was the position of the estate that the decedent had made an inter vivos gift of an interest in the property to Defendant at the time they consolidated their households, or in the alternative he promised he would and she acted in reliance on that promise to her detriment when she disposed of her own furniture to decorate their home and the estate would be estopped from trying to retrieve it now." The estate is now closed.

Plaintiff has asserted that a 12(b)(6) motion is untimely at this stage of the proceedings. Because of the following ruling, the Court need not address the issue of timeliness.

The Court finds that the Complaint states claims upon which relief may be granted. Dismissal is not warranted under Rule 12(b)(6). Issues include: whether Plaintiff has a legal interest in the property he seeks to recover in this matter; whether Defendant converted any property; and whether any property is a marital asset.

**THEREFORE,** Defendant's Motion to Dismiss Pursuant to Civil Rule 12(b)(6) is hereby **DENIED.** The Court will contact the parties to establish a case scheduling order.

**IT IS SO ORDERED.**

10/11/17

_____
The Honorable Mary M. Johnston